UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Cr. No. 25-CR-10253 |
| ) | |
| SHAKERA PINA   ,  ) | |
| ) | |
| Defendant  ) | |

PROPOSED PROTECTIVE ORDER

The Court has read and considered the motion by the United States for a protective order governing discovery in this case. For good cause shown, the Court orders the following:

1. The discovery in this case relates to charges which include sex trafficking of multiple minors in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2).

2. The discovery in this case involves information regarding a victim and certain witnesses. The dissemination or distribution of these materials exposes the victim and witnesses to safety and privacy risks. Accordingly, pursuant to Fed. R. Crim. P. 16(d)(1), the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a. In this case, the term "Protected Information" refers to any document or information marked and/or designated as such and produced to the defense team pursuant to the Protective Order. At present, the Protected Information includes (a) unredacted law enforcement reports identifying the minor victims; (b) photographs of the minor victims; (c) commercial sex advertisements depicting the minor victims; (d) data extracted from a victim's cell phones; and (e) other documentary and business record evidence identifying the victim and witnesses in this case.

    b. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm or offices who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case—all of whom have been advised of their obligations under the Protective Order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include the defendant, the defendant's family members, or any other associates of the defendant.

    c. Defendant's counsel of record shall agree to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

    d. The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If the defendant objects to any such designation, they may do so by application to the Court upon duly noticed motion, after first attempting in good faith to resolve their objection(s) with the government.

    e. The defendant may review Protected Information in this case only in the presence of her counsel of record. Counsel of record shall ensure that the defendant is never left alone with any discovery subject to the Protective Order. The defendant may see and review Protected Information in the presence of her counsel of record or her designees as authorized under the protective order, but the defendant may not copy, keep, maintain, or otherwise possess any of

such Protected Information, or any portion thereof, at any time. The defendant must return any Protected Information to her counsel of record at the conclusion of any meeting at which the defendant viewed the Protected Information. The defendant may not take any Protected Information out of the room in which she meets with her counsel of record. The defendant may not write down or memorialize any materials contained in the Protected Information. At the conclusion of any meeting with the defendant, defendant's counsel of record shall take with her all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of the defendant, whether she is incarcerated or not.

        f.        The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including the defendant.

        g.        The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review Protected Information with witnesses or potential witnesses in this case, including the defendant, subject to the requirement above that defense counsel must be present if Protected Information is being shown to the defendant. Before being shown any portion of Protected Information, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

        h.        The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and the defendant as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3)

not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

      i.      To the extent that notes are made that memorialize, in whole or in part, the Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

      j.      The defense team shall use Protected Information and materials only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeals filed by the defendant and any motions filed by the defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information with the Court or divulge the contents of such materials in court filings, the filing should be made under seal, unless relief from the restrictions imposed in the protective order are first obtained from the Court.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such parties an opportunity to object or otherwise respond to such intention.  If the other parties do not object to the proposed filing, the party seeking to file such information shall make all reasonable attempts to limit the disclosure of Protected Information materials.

      k.      Upon the final disposition of this case, any Protected Information materials shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.

      l.      In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any

Protected Information may be transferred from the undersigned defense counsel to the new defense counsel, who then will become the defense team's custodian of materials designated subject to the Protective Order and who shall then become responsible for returning to the government or certifying the destruction of all Protected Information materials upon the conclusion of appellate and post-conviction proceedings.

    m.    Documents produced by the government in discovery will not be subject to this Protective Order unless they are marked or otherwise designated by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

    n.    The parties shall not disclose the identity of any victim in any public court filing.

    SO ORDERED.

June 26, 2025
DATED

THE HONORABLE DONALD L. CABELL
UNITED STATES MAGISTRATE JUDGE